UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CONSTANT,

    Plaintiff,

v.

HON. RAE LEE CHABOT,

    Defendant.
                                    /

Case No. 17-10018

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING THE COMPLAINT**

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and affidavit and GRANTS his request to proceed *in forma pauperis*. [2] For the reasons that follow, however, the Court dismisses Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff claims that he is unemployed and relies on state and federal aid for subsistence. Based on this affidavit, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Specifically, the district court is obligated to dismiss a civil complaint if it is "frivolous . . .; [or] fails to state a claim on which relief may be granted." § 1915(e)(2)(B). While the Court is mindful that a *pro se* litigant's complaint is held to "less stringent standards" than a complaint drafted by counsel, it must contain facts sufficient to show that a redressable legal wrong has been committed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also* Fed. R. Civ. P. 12(b). Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

Here, Plaintiff contends that Judge Rae Lee Chabot "in her action[s] and the words of her order, have indisputably discriminated against me . . . . " (Compl. ¶ 7). But even assuming this was true, judges and judicial employees are entitled to absolute immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (finding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir.1996) (citing *Mireles*, 502 U.S. at 9); *see also Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439, 446–47 (E.D.Mich.2006) (noting that judges are entitled to absolute judicial immunity). The Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> [J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges

2

> were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir.2001) (internal citations omitted).

Plaintiff's challenge to the proceedings in State court involve the performance of judicial duties by the Judge Chabot. *See* (Compl. ¶ 3) ("At the hearing, Chabot lied against me, and accused me of not filing an answer . . . .). Absolute judicial immunity is overcome in only two situations: (1) when liability is based on non-judicial actions; "i.e., actions not taken in the judge's judicial capacity," and (2) when liability is based on actions taken in the complete absence of jurisdiction." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999). Because Plaintiff does not allege facts that fall within these two exceptions, Judge Chabot is absolutely immune and all claims asserted against her in this matter are DISMISSED WITH PREJUDICE. In addition, pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith. This order closes the case in its entirety.[1]

---

[1] The Court notes that Plaintiff has a history of filing meritless litigation against state court judges and officials. *See Constant v. Kumar*, 15-11926 (Cox, J), (Dkt. 12) ("Having reviewed Plaintiff's Complaint and Response, none of the alleged actions by Judge Kumar fall outside of the scope of judicial immunity."); *Constant v. Schuette*, 15-11928 (Murphy, J) ("This Court must dismiss this action because Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted."); Plaintiff is strongly advised to review Rule 11 of the Federal Rules of Civil Procedure before filing future lawsuits to prevent against the imposition of monetary or injunctive sanctions.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 1, 2017


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2017, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager